UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDNA FARLEY,

    Plaintiff,

v.                                          CASE No. 8:04-CV-814-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security fails to address the plaintiff's allegation of anxiety, it will be reversed, and the matter remanded for further consideration.

I.

The plaintiff, who was fifty-two years old at the time of the most recent administrative hearing and who has a high school education with some business training, has worked primarily as an accounting clerk

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

and medical secretary (Tr. 107). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to diabetes mellitus and degenerative joint disease (Tr. 296). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of diabetes mellitus and non-cardiac chest pain (Tr. 562). He concluded that these impairments limited the plaintiff to "slightly more" than sedentary work (Tr. 560), and did not prevent her from performing past work (Tr. 562). Following the plaintiff's request for review, the Appeals Council vacated that decision, stating that the law judge had failed to evaluate opinions of treating physicians, and a nerve conduction study (Tr. 569).

On remand, a different law judge conducted another hearing. Following that hearing, the law judge found that the plaintiff could perform a wide range of light and sedentary work and could return to past work (Tr. 782).[2] The Appeals Council again vacated the decision and remanded for

---

[2]It is uncertain what severe impairments the law judge found because that page of the findings is missing from the transcript (<u>see</u> Tr. 781-82).

further consideration of treating and examining source opinions, further evaluation of the plaintiff's subjective complaints, and further explanation of the plaintiff's residual functional capacity (Tr. 803-04).

On remand, the same law judge that had conducted the second hearing held a third hearing. After the hearing, the law judge found that the plaintiff suffers from a combination of severe impairments including diabetes mellitus, diabetic polyneuropathy, chest pains, hypertension, gallbladder problems, back pain and obesity (Tr. 27). He concluded that these impairments limited the plaintiff to a restricted range of light work (Tr. 34). Based upon the testimony of a vocational expert, the law judge determined that the plaintiff's limitations did not prevent her from returning to work as an accounting clerk or a medical secretary (id.). He therefore decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). In this case, also, the plaintiff must show that she became disabled before her insured status expired on March 31, 2001, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's claims for disability benefits and supplemental security income are based primarily upon a number of physical problems. However, she also testified at the third hearing (but not at the first two) that she suffers from anxiety (Tr. 193). The plaintiff indicated that her treating physician, Dr. Cheryl A. Reed, had opined that she was permanently

disabled and had included anxiety among the conditions that rendered her disabled (id.). This testimony is corroborated by a number of statements from Dr. Reed asserting that the plaintiff is permanently disabled and listing anxiety among the plaintiff's impairments (see, e.g., Tr. 641, 643, 839, 845, 847, 851, 853).

The plaintiff argues that, in light of the evidence regarding anxiety, the law judge failed adequately to develop the record because he did not obtain a psychological evaluation of the plaintiff (Doc. 20, p. 8). In a separate, but related, argument, the plaintiff contends that the hypothetical questions to the vocational expert were inadequate in view of the failure to develop the record concerning the plaintiff's mental status (id. at p. 10).

There is, however, a more fundamental problem with the law judge's treatment of the plaintiff's allegation of anxiety: He never evaluated it. Indeed, he did not even mention the allegation of anxiety, or the evidence supporting it, in his decision. This was error. The law judge must state specifically the weight accorded each item of impairment evidence and the reasons for his decision on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

Depending on the law judge's evaluation of the evidence regarding anxiety, the law judge may, or may not, have erred in the ways contended by the plaintiff.

In asserting that the law judge should have obtained a mental evaluation of the plaintiff, the plaintiff relies heavily upon McCall v. Bowen, 846 F.2d 1317 (11th Cir. 1988). The McCall decision construed 42 U.S.C. 421(h) to say that, in any case where there is evidence of the existence of a mental impairment, the defendant may determine that the claimant is not under a disability only if she has made every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist. Id. at 1320. That language in McCall is not only dicta, since the court did not direct a mental examination, but it also seems to misconstrue §421(h). That section by its terms applies to the initial determination stage, not the administrative hearing stage, and appears to require no more than a record evaluation by a non-examining reviewer. Consequently, McCall provides little guidance here.

There are, however, other binding decisions of the court of appeals regarding the requirement for a mental examination, and this case seems to fall between them. Compare Ford v. Secretary of Health and

Human Services, 659 F.2d 66 (5th Cir. 1981) (consultative exam required) with Murray v. Heckler, 737 F.2d 934 (11th Cir. 1984) (consultative exam not required). In light of Dr. Reed's diagnosis on numerous occasions that anxiety contributed to the plaintiff's disability, a mental examination would clearly have been justified. While, in my view, the law judge reasonably discounted Dr. Reed's conclusory opinion of a permanent disability, that does not mean that Dr. Reed's diagnosis of anxiety could correspondingly be disregarded.

On the other hand, the law judge might reasonably be able to explain, or at least show, that he could evaluate the plaintiff's mental status without a mental examination. However, in the absence of any discussion of the evidence of anxiety, there is no basis for concluding that the failure to obtain a mental examination was reasonable.

Similarly, the lack of an evaluation of the evidence of anxiety prevents an assessment of whether the law judge erred in his hypothetical questions to the vocational expert. If the plaintiff's anxiety resulted in some functional limitations, then the failure to include those limitations in the hypothetical questions would have been error. On the other hand, if the plaintiff's anxiety did not produce functional limitations, then there was

nothing wrong with the hypothetical questions. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1160-61 (11th Cir. 2004). Consequently, the answer to the plaintiff's challenge to the hypothetical questions turns on the evaluation of the plaintiff's allegation of anxiety – and that is an evaluation which has not yet been made.[3]

The plaintiff's remaining contention is that the law judge erred in discounting the opinions of treating doctors.[4] The law judge discounted the opinions of doctors who treated the plaintiff during the relevant period because they were stated on forms and contained no explanation or supporting findings (Tr. 31). The law judge is authorized to disregard such conclusory opinions. Crawford v. Commissioner of Social Security, supra, 363 F.3d at 1159.

Significantly, the law judge pointed out this deficiency with the opinions of the treating physicians at the conclusion of the third hearing (Tr.

---

[3] The plaintiff's other attacks on the finding that the plaintiff could return to past work are unpersuasive. Nevertheless, on remand, the Commissioner should follow the dictates of Social Security Ruling 00-4p and eliminate that recurring argument.

[4] Contrary to the plaintiff's assertion, Dr. Javad Malek is not a treating physician (see Tr. 135), and thus not covered by the rule that the opinions of treating physicians are entitled to substantial or considerable weight. Johns v. Bowen, 821 F.2d 551, 554 (11th Cir. 1987). In any event, the law judge reasonably discounted Dr. Malek's opinion because it was not based on objective findings (Tr. 31-32).

202-04). The plaintiff was not able to rectify that deficiency, apparently because Dr. Reed would not cooperate (see Tr. 31). On remand, the plaintiff should make renewed efforts in this respect if she wishes to rely upon opinions of a treating physician because, otherwise, the Commissioner is fully justified in disregarding the conclusory statements.

IV.

For the foregoing reasons, the decision of the Commissioner is deficient in evaluating the plaintiff's allegation of anxiety. Therefore, the Commissioner's decision is hereby REVERSED, and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this <u>24th</u> day of May, 2005.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE